All right, the case we're here next is Barlow v. Colgate Palmolive, and I guess Sgay would hear from you first. Is that it? My name is Faith Gay, and I represent Colgate. Good afternoon. I believe it's the afternoon. As this Court is aware, Colgate removed two individual cases to the District Court of Maryland, and there were remand papers filed by the plaintiffs here. The plaintiffs told the Federal Court in no uncertain terms that there was, in fact, no diversity, which was the only basis for removal that Colgate asserted, because the non-diverse defendant, the plaintiffs planned and hoped and would proceed against them. Would or could? Would and could. And to that extent, Your Honor, they presented, and I think it's probably worth going through in a little bit of detail, the evidence that was presented to the Court in writing. Before I do that, let me make clear how sharp the turn was. Remand was obtained on the basis, solely on the basis, that there was a possibility that there would be cases to be made against the non-diverse plaintiffs. Eight days after remand was obtained, the plaintiffs walked over to State Court and made it crystal clear to the State Court judge, in writing and then in oral presentations thereafter, that it was a one-defendant case, that there was not even the suggestion of any evidence against any of the previously non-diverse defendants, and that any suggestion otherwise was patently frivolous. And let me just be clear, since the Court has asked a question about what the record shows. In other words, basically, you're saying they said on that date, there's an impossibility of having an action. Correct. Is that necessarily true for the earlier time period the statement was made? Well, the… That it was an impossibility. I find those words sort of interesting, the glimmer of hope, impossibility, and we're dealing in both instances with words of counsel. The Court is sitting there to make the determination of whether it has jurisdiction. And it has the option of taking whatever statements, whatever word it wants to take, and a counsel can get up and basically say anything. You know, this is possible. And I would think, having sort of been on the other side of this, the word possible, a lot of things are possible. As the Psalms would say, all things are possible. So it really puts it in the vein of saying possibility, that something ought to go off in the antennas of the judge to say, well, tell me something other than you see it. Was that not done here, or did the judge just hear the word possibility and says, okay, I'll send it back? Well, Judge, when the remand motions were decided on the pleading, so it's solely on the written record, which is before the Court, but to address… You mean these representations didn't have anything to do with it? No. I thought you said they were orally represented. No, Your Honor. The representations in the remand motions, there were two remand motions for each of these cases, but before the Federal District Court. And the representations that there were, and let me just go into a little more… I want to finish that. You said it was decided on the pleading. Yes, it was decided on… Not on the basis, on the statement of counsel. Well, it was, the pleadings were signed by counsel, of course, Your Honor. But what is the pleading that you have a problem with? I'm sorry. No, that's what got me perked up. I thought you said they went to the Federal Court and said something to the Federal Court in an argument. They did. Well, but then you said it was decided on the papers. On the papers submitted for remand. If it was decided on the papers, then what was said at the hearing couldn't have anything to do with it. Are you abandoning the contention that what was said at the hearing had something to do with it? No, Your Honor. There was no hearing in the Federal Court. Remand motions… There was no argument? There was no argument. There was no… I thought there was an argument. Where was the argument? There was an argument in representations made in the State Court, which I'll get to. That was the argument in the State Court. So the statements in the Federal Court were in writing. Correct. And the statements in the State Court were oral.  They were both. Yes, Your Honor. So if I could just go through the statement very quickly for the Court. Before we get too far in this, to try to clarify what we have before us, I thought that your motions under Rule 11 and 63B were filed in the District Court, and the District Court dismissed them because it concluded it didn't have jurisdiction. That's correct, Your Honor. And you've appealed that. And so we don't decide the merits of the remand or even the substance of the fraud here, do we? We just decide whether the District Court had jurisdiction to consider these. There's two issues there. Your Honor, with respect to what… As to each rule, Rule 11 and Rule 63B. That's correct. Did the District Court have jurisdiction? The District Court said that under… If we rule on those, that's the end of the case. Correct. You can say yes or no on any one of them. The District Court held that under 1447, there was no ability or jurisdiction. I understand what it did, but I just want to understand what the issue is before us because you seem to start to slide into whether you had a good claim on your sanctions or on your fraud. And I'm just suggesting whether you had a good claim or not, you made a motion that was dismissed because of lack of jurisdiction. Right. And so, our task is to decide whether the District Court had jurisdiction to consider your motions. Isn't that right? That's correct, Your Honor. Correct. And so, with regard to that, we did not appeal the remand order. What we brought were two separate motions, one under Rule 11 and one under Rule 63. I understand that. And the rule goes on. The District Court held argument and held that because 1447 prohibits review of a remand order, it could not consider the relief requested on those two motions. And our position on this appeal is that this court is certainly permitted to vacate a fraudulently procured remand order. But we're not trying to do that, are we? You just said the District Court ruled it couldn't reach either motion, didn't have jurisdiction on Rule 11 or 63. Correct? That the relief requested was prohibited by 1447. And the District Court, you're telling us the District Court coupled them together. Yes. It denied them both or dismissed them both on the same reasoning. Right. If we say that he was wrong on both of those, that doesn't have any impact on your remand order. Well, yes, Your Honor, it does. No, it does not. All we're doing is saying he was wrong on saying he didn't have any jurisdiction, and he has to consider the two motions. Well, that is one option. That is one option, Judge Keene. Well, there's not any question about whether that's an option or not. Anyway, I'm sorry. I interrupted Judge Keene. I apologize. And a second option, Judge Keene, given that the record is completely clear. Why would we rule in the first instance on that? If he had jurisdiction on Rule 11, he can go after the lawyers for misconduct in their pleadings and representations to them, or the two judges could, and do whatever they need to do to rectify the system. Under 60B3, if he has jurisdiction, he can decide whether there was a fraud or misrepresentation made to the court that warrants some relief on the remand issue. But we don't have to decide any of that other stuff. Well, at the very least, you are correct that 1447 does not prohibit the district court from considering our motions. That is clear legal error. That's one thing. But the record is clear enough as to what the district court would have ruled here, that this court can vacate the remand. Well, you don't want us to send it back. You want us to rule now on the merits or lack of merits or whatever of the remand order. It sounded to me like you also wanted us to say, as a sanction, you ought to get jurisdiction in the federal court. Well, no. As a sanction, we're not asking for jurisdiction. We're asking for vacatur of the remand because it was fraudulently procured. I mean, you could vacate it but don't have jurisdiction. Subject matter jurisdiction is important. You've got to have that. Well, Your Honor. I want it to be able for the court to even consider it. All right. If I'm following what Judge Nehemiah and what Judge King is alluding to, the motions that are before us, the question is whether we have the court had jurisdiction. Once we decide that, then the relief that the court can give is a whole different matter. And if the relief can encompass vacating the remand, that may be a totally different issue. I'm not sure that fits within the type of relief. You may, in fact, have some type of attorney's fees or something that's collateral. It may be to deal with the merits. Even in a Rule 11 sanction, you could sanction a lawyer. You can do all kinds of stuff. That doesn't necessarily mean that you get to undo the underlying relief that every precedent out there says you can't do. You can't go back and review. Because, like I started out this, it may have been getting intuitive, but the basis of it is that the judge made that decision and it's already been determined. When he makes that decision, the Senate back cannot be reviewed. Your Honor, we're not. I haven't got that. And if it was fraud or whatever happened in the court, and the fraud is based on a representation of counsel, it was a decision to accept that representation. And therein is your problem. But maybe you get the relief. Maybe collaterally we can look at Rule 11 things. But it doesn't necessarily mean we now got to say, okay, vacate the remand. Your Honor, you're correct. You can send it just back to the district court. That is one method of relief. However, the record is clear enough about the fraud. And there's no question that under Rule – What motion would we be deciding then? You had a Rule 11 and a Rule 63B. Right. Rule 63B says when there's fraud, you can open up judgment or order or proceed. The question is the district court didn't decide that, whether he had this hypothetical comment afterwards of what he would do. Correct. But we're going to vacate that if we were to send it back, too, and have the court address the motions. And you can put in whatever you want. You can give an evidence and make your arguments. But the sanctions for – say you went on your motions, the sanctions for that still have to be decided by the district court, not us, right? Your Honor, again, you are correct at the very least. The district court was in error in not considering the motions and saying that 1447 – That's why we have the force because that is the operative order. The court says, I don't have jurisdiction. I've sent the case away. Correct. But the court did not reach the merits, but he did indicate how he would have ruled – We can't rule on that type of thing, can we? How can we decide the motions up here and decide the appropriate remedies? We don't have anything from the district court to review. I'm not sure you understand the function of the repellent court. If the court didn't think it had jurisdiction and we tell him he had it, then he has to rule. And then the loser, once it's a final order, can come back up here. Your Honor, I agree with that. And the vacatur of the remand order is a dicey question because it looks on its face 63B may authorize that. Correct. But there is also the whole concept of normally 63B applies to a judgment that's in the court that you're applying to. And now the case has gone to the state court. Hypothetically, for instance, if the state tried the case to final judgment and the final judgment had appealed time gone by, and then you found fraud in the removal and came back and the district court says, I'm going to vacate the remand because of the fraud, what happens to the state judgment? Well, Judge, just to be clear – Okay, it may be without jurisdiction, but this is more of a dicey question that you need to explore and argue before the district court. And we don't have the record or the ruling to review on that. We just have one operative ruling. I don't have jurisdiction to consider these motions because I sent the case away. As to your point and Judge King's point, certainly you can send this back because under 1447, the district court did have authority to consider the motions. It was not without jurisdiction to do that. But on top of that – Just say that, but isn't that the issue? I mean, we're going to accept your bald allegations. There are cases that says we can. With regard to 1447, there are a number of cases, Judge. I know there are, actually. I'm asking that hypothetically, but I think you've still got the wrong issue on the table. You want us to vacate the remand order. Yes, and again, Judge, the reason I say that is, well, the district court indicated that it would not rule on the sanctions motion, would not grant sanctions no matter what, even if it had jurisdiction. He said the fact that there were two attorneys and two different locations, he wouldn't have granted sanctions anyway. That is also error. Are you suggesting that we might consider – we have to address the jurisdictional question. Is it your concern that because the district court appears to already have prejudged the 60D3 issue, that it would be futile to argue it before that district court? Your Honor, the district court prejudged the entire sanctions motions, both Rule 11, inherent ability to grant sanctions, and the Rule 60, and indicated that it would not have granted sanctions because the two representations were made by – Do you want us to consider the backup, the conditional order, as an operative appeal order and say the court abuses discretion? I'm saying the court can do that because it's clear how the district court would have ruled. Certainly, the court does not have to do it, but it can do it here. Could we send it back, or could we send it to another judge as a protection against the district court rather than a rebuke because it appears that the district court may already have decided it, and just to protect the district court's ability to address it on a clean slate? Absolutely, Your Honor. Would that address your concern? That would address my concern. You haven't asked for that, though. No, we have not asked for that. That's correct. We think the record is very clear as to what the district court would do. Ms. Day? Yes, sir, Your Honor. Good morning. Good morning. Maybe it's good afternoon. Good afternoon. I feel like I owe my colleagues an apology because you and I both well know that apparently this is the worst opinion I've ever offered as a judge because you and I both know that when I said in my panel opinion that we affirm the district court's conclusion that it lacked jurisdiction, what that meant, and I apologize for not saying it more clearly, what that meant is that the only thing Colgate wanted from the district court and now wants from this court, and that's why you've been having so much difficulty with my colleagues this morning, the only thing you want, as you said in your brief before the panel and as you've repeated in your brief before the in-bank court, the only thing you want is restoration of federal jurisdiction. And in fact, at the panel, the dissent and the majority actually agreed that there's no way as a sanction under Rule 11 to restore federal jurisdiction. No dispute at the panel level about that. Nor is there any dispute, of course, that in a removal case, a federal district court has the authority, the jurisdiction, to impose sanctions on counsel. No dispute about that. But you could care less if Judge Nickerson imposed $50,000 penalty on these lawyers or their law firm. You don't want that. And that was clear before the panel, and I think it's clear this morning. You say exactly in your brief the only non-abusive discretion, the only non-abusive discretion in this case would be a restoration of federal jurisdiction. It's right there in your brief. Your Honor, if I may. Have I said anything that's incorrect, and if so, what have I said? Your Honor, I do disagree that we see federal jurisdiction as a penalty here. Well, whether you call it as a penalty, but that's the only sanction you want. You don't want these lawyers to be, their careers to be trashed. You haven't filed a complaint with the Maryland Attorney Grievance Commission. You haven't referred them to the District of Maryland's Admissions and Disciplinary Committee. You don't really want to harm these lawyers by alleging that they made misrepresentations as officers of the court. You don't want to go there. What you want is you want your client to be back in the District of Maryland so that you can then file a motion to transfer this asbestos case to the Eastern District of Pennsylvania, where it will join all the other 88,000 asbestos cases. No, Your Honor, all of that is incorrect. Okay. Thank you for giving me a chance. Of course, Your Honor. May I just back up for a moment? As far as the motion to transfer in this case belonging in a multi-district, that is not true as far as I know. These are single cases. These are not traditional asbestos cases. Let's stay focused on what the, that might have been a little bit of additional information that Judge Davis is providing. But his point seems to go to the heart of where we're going. If the issue here is whether the court has jurisdiction to determine sanctions, you want us to go to the second issue, and that is what relief can the judge offer? And you say we ought to release him. And we probably should. But I think the answer to that question is he can give any release except remand this case because that's going to the merits of this case. As long as there's no. That's what I think. But the bottom line is, which Judge Davis, I appreciate his explanation of his opinion. He's clarified some basis for it significantly, and I don't know if the dissent in that case agrees with it, but it seems to make sense. If that's all you asked before the court, then that's probably problematic. If that's all you asked before. If you simply want jurisdiction, which the court may be in a position to do, says go back, yeah, you have jurisdiction, then we'll make the determination as to what relief is available. Because even in a sanction, even an imposing sanction, you may not give relief for which the court could not give. I mean, if you don't have the authority to do so. And that's foreclosed by precedent. I'm sorry. Your Honor. Please. Ms. Gay, having written the dissent, listen to me and read the text here. They want to send your sanctions motion back because, at least I believe it, the judge had jurisdiction. And send the 60B3 motion back to see if you can convince a district judge. And the question is going to come down, as Justice Niemeyer said, what is the claim? Is the claim the judgment or something of the case, or is it a right to be in federal court? Is that a claim? I don't know the answer to that question. But what you're hearing here is that they don't want to decide, except the jurisdictional issue, as to sanctions and as to 60B3. And, Your Honor. Simply because I included it. I wrote the dissent in your favor. And with regard to that, under 1447, there is nothing in that statute that precludes a court from considering whether there has been a fraudulently obtained judgment. You're going back and want us to decide the facts. Well, that's the jurisdictional question, Your Honor. With regard to 1447, the district court held that 1447 is precluded. Do we have any cases where a court has recalled or reconsidered a remand order? Yes, Your Honor. Okay. And how does that function mechanically? Is the reconsideration by the federal court then transmitted to the state court, and they stop prosecuting, or what? No. Again, the relief we are seeking… No, not what you're seeking. These other cases that you… Yes, the other cases have reconsidered issues that are collateral. I'm talking about your… There's two motions you have here, and I think it's probably good to get the two to a distinction on the table. The first one is a Rule 11 sanctions motion. Correct. And that can sanction the parties and the attorneys. But then you also have a 63B motion, which is to vacate an order based on fraud. Correct. And the order you want vacated is the remand order. Correct. And that was filed against that. Now, my question is, and the court said it didn't have jurisdiction on that, and, of course, I think 63B certainly is pretty broad in this sense. But my question is, if the court considers a 63B order and decides there was fraudulent joinder, can it vacate the remand order and thereby recover the case? Your Honor, what we're asking is slightly different from that, if the court will bear with me. Oh, I'd like you to answer my question. That's what I'm trying to say. What we're asking for is a determination under Rule 60. Can you answer his question yes or no? Yes, I can, Your Honor. Is it yes or no? That would help me. But we're not asking for reconsideration of the remand merits itself is what I'm saying, Your Honor. We're asking for a different… What are you asking for in the 63B motion? We're asking for the order to be vacated because of fraud, not the… That's what I said. Right. Correct. My hypothetical had your motion was directed at the remand order, and you want it vacated under 63B. Right, but we don't want a reconsideration of the merits of the remand orders itself. We want it vacated because of the fraud. No, we want it vacated, but if… Vacated because of the fraud. Which is how I answered his question. Now, if you vacate the remand order under 63B, what happens mechanically in these other cases? If the plaintiffs have some reason to remove the case, they have some other basis to remand it again, fine. But right now, there is no basis there. No, mechanically, the case is before the state court. The state court is proceeding on a remand order. The federal court revokes its remand order. What happens? Does the court then send that order to the state, and the state stops prosecuting the case? Right. Well, right now, both of these cases are in the midst of discovery. I don't want this case. I want to know the principles applicable. Right, I understand. Help me out. Otherwise, you're not going to advance the ball at all. We're talking about a concept of relative jurisdictions between federal and state courts. If the remand order is vacated, it comes back to the federal court. And where is that? Is there authority for that? Yes, Your Honor. And what's that? With regard to Rule 60, an order that is… But I'm just talking about we have a particular type of problem here because the case was sent back to the state, and the state is prosecuting the case on behalf, pursuant to that order. Correct. The state has general jurisdiction. You can prosecute it. Now, how are you going to stop the state court? Well, if the remand order is vacated, the cases are still in federal court. But that puts the cart before the horse again. We keep going around in this circle. Well, you say that what you want or what I thought we had established early on is that the threshold question is jurisdiction. So, if we decide that the district court erred in concluding that it lacked jurisdiction, then all it does is go back to consider… It doesn't do anything about the case heading back to the court. Correct. It goes back to the district court for consideration of the Rule 60 and Rule 11 motions. The Rule 11 and the Rule 60 motions. Yeah. Correct. Consider both of them. Correct. Sanction the lawyers, and then the court then could conduct the proceedings and then decide whether to grant relief… Correct. …under Rule 60b-3. Right. If you prove the fraud and misrepresentation, perhaps then you could vacate the remand order. Correct. But that would be something that the district court would have to do, not just happen up here. But I don't understand that to be the question. I understand the question to be what happens physically and system-wise, what happens? There's this state – I mean, this court is – this case is now in state court. What happens to the state court case? Let me help you out on that question. You're not exactly correct if you get a vacature, it's back in federal court. But the way you would enforce that is using the Anti-Injunction Act. And this is one of those exceptions where you can enjoin the state court. And it clearly – this court has decided that issue before I've actually wrote these. That's the way it's done. Sir, is that 2283? The statute. The Injunction Act. It's a federal statute. Yeah. Preserved jurisdiction. That's right. That's what it is. Okay. That starts to address my question because the 63 – 60 motion, 60B3, is not a sanction order. It's a motion to reconsider an order that was entered by fraud. Correct. And in this case, fraudulent joinder, which I'm not sure the district court got right either, doesn't require intent of defrauding somebody, deceiving. And fraudulent joinder means joining somebody for the purposes of defeating jurisdiction. Correct, which is exactly what happened here. Well, I understand that. And it seems to me you didn't make that case very well to the court below. But if there's a fraudulent joinder – you remember the case against Pete Rose in Cincinnati? You know, they filed in state court and they sued the Cincinnati Reds and Pete Rose. And the district – it was removed and the district court separated the two cases. This is fraudulent joinder. It's staying up here in the federal court. And that is a concept where you join somebody, not because they're the real party in interest, but to defeat jurisdiction. Correct. And that's exactly what happened here, Your Honor. As I was starting – All right. But the question really, Judge Shedd got to the point that I was asking, and maybe Judge Floyd has answered it. The question is, if you get a reconsideration on the 63B, vacate the remand order, mechanically the question is, what happens then? I mean, you know, we have respect between the states and the feds, and obviously the federal judge can send a copy of the order to the state, and maybe the state will abide by it, but maybe not. And then you get the question is, how far along does it go before you have real prejudice because you have discovery in the state? Let me ask you this. Did you file a motion to dismiss the fraudulently joined parties in the state court? We did, Your Honor. You did? We filed, and we also filed – No, on remand. After the case went back and the lawyer said, we don't really have a claim against these others. We just really want Colby. Did you file a motion to dismiss based on that? All those defendants are out now. Well, you can remove within 30 days after that. Well, Your Honor, as far as we understand it, we cannot remove again. If a court tells you it's not removable, you go back to state court, and once it becomes removable, you have 30 days within which to remove it. But there's a time period on that. Your Honor, as we understand that – When it first becomes removable. Your Honor, at this point in time, 1446 has been amended to have an extended time period where fraud has been shown. But we are not subject to that because that only applies – I'm talking about the principle that a case that's not removable when it's filed still can be removed to federal court once it becomes removable. If the court dismisses three defendants who create diversity, at that point, you can remove it. And, Your Honor, with regard to that, we have filed motions in both federal and state court that address this. And the state court – Did you file a new motion to remove after it became removable? No, Your Honor. Not as of yet.  I don't think – I don't believe so, Your Honor. If you did that, that might – You don't have to file a motion, either. You just have to remove it on removal. So you can file a motion for removal. But if you did that, that might render the 60B3 motion, what's up here, moot. All we have is the Rule 11 stuff. Your Honor, may I reserve some time for rebuttal? With that, you can answer his question. Yes. I mean, Your Honor, if we can file such a motion, we would. Are you still within the 30-day period that doesn't? Your Honor, I am not aware that we are eligible for such a motion. Is there complete diversity now in the state court? There is complete diversity now. You could remove that case once it became completely diverse, but you have a time period. Thank you, Your Honor. Excuse me. Mr. Unneman. Thank you. Good morning, Your Honor. Your Honors, and may it please the Court, Jeff Uttermal on behalf of the appellees, Joyce Barlow and Clara Mosco. And I'm here today with my colleagues, Russell Smouse and Craig Silverman. Your Honors, The Court does have jurisdiction over those motions, doesn't it? I mean, it can decide Rule 11 sanctions. Your Honor, we do concede that under Cooter and Gale, there is jurisdiction under Rule 11, at least. And under the rule, in the face of the rule, 60 can be decided at any time if one brought a shot. 60B3, right? Your Honor, under 60B3, the issue is there's no jurisdiction. Why? The Congress gave the Court the ability on the basis of fraud to review any order at any time. Isn't that what that rule says? Your Honor, there's a bad faith exception in 1446. No, no, I'm talking about 60B3. The base language of it says that any judgment, order, or proceeding can be set aside for fraud at any time. Under Cooter and Gale, Your Honor, the distinction is made between a motion for sanctions and a motion that requires modification of the original order. You're missing my question. My question is you can set aside any judgment or order that was entered on the basis of fraud. And the argument they're making is that the remand order was obtained by fraud. And if the Court were so defined, it could set aside the order. And I don't understand where there's a lack of jurisdiction. Any order that a federal judge enters can be reviewed by that federal judge under 60B3 if the right showing is made. There can be no vacater here because of 1447D. I'm talking about, well, under 60B3, you vacate the order you enter. But there's no jurisdiction under 60B3 to vacate because of 1447D, Prohibition on Review. Well, I think you're having a problem responding to Judge Niemeyer. Clearly, the issue here is, does 1447 trump 60B3? Or does 60B3 trump 1447? Isn't that the problem? Now, Judge Floyd has helpfully said, well, what could happen is we could use the Anti-Injunction Act and a federal judge could issue an injunctive order after granting a 60B3 motion. And I think the question that Judge Niemeyer put to Ms. Gay that she never answered was, is there any case out there in the 234 years, or I guess the 229 years of diversity jurisdiction since the first judicial act of 1789, has any court ever done such a thing? Well, the answer is no. The answer is no. Colgate cites no cases holding that a 60B3 vacater Listen, he didn't ask you if anybody cited cases. He asked you if there were any cases. And the answer to him is? The answer is no. Your Honor, the... Let me ask you this. Has a court ever vacated or reversed itself on a remand order? Yes, but not on a 60B3 vacater. Forget the reasons. What happens in that case? When they vacate, reverse themselves on a remand order, what happens? Well, what happened in the Tremonte case was there was a vacater without review. And that exemplifies that principle. But it did not involve 60B3. And in that case, the court was the district court that had failed to properly consider its own recusal in the remand order was ordered to then reconsider its recusal decision. But it could not. No, my question is... I don't know. Maybe I'm not expressing it well enough. But I'm trying to find out. You know, the removal statute is a very sophisticated interplay between state court systems and federal courts. And my question is, once a federal court remands a case to state court and then decides it did it wrong and wants to review it and changes its mind, can it do it, number one? And if it does change its mind, what happens? It's not exactly correct to say there's not any cases out there where 60B3 was used to vacate. We have Aquamar, we've had Tremonte. And there are cases out there. I didn't realize that question would pop up. It can be done. Yes, Your Honor. And the distinction between those cases and this case is that Tremonte, Aquamar, and Williams v. Miller, none of those involved 60B3 vacators. That might be a distinction without a difference. Well, what Judge Niemeyer is getting at, and I understand, is there are cases where it's been done. You said it was done because you had a disqualified... or a judge that may have been disqualified who entered the order. They backed up, right? Well, that's right, Your Honor. And each one of those cases used... Well, here the idea would be that the order was procured by fraud on the court. And nobody wants to reward a fraud feeser with something, so you unwind it and try to clean it up. And a fraud feeser, for your information, is a subclass support feeser. Each one of those cases that's been cited, Tremonte, Aquamar, and v. Miller, each one of those cases was decided on the basis that the vacator was a quote-unquote essentially ministerial task. Let me ask this question of you. I'm going to try to get to the answer. Maybe you've given it. I've understood the question. I don't think I understand the answer. In a case, not your case, in a case where there has been a fraud and a vacating of the remand order, so the case is already back in state court, what then happens to effectuate the order of the federal district court? What happens? I would think there would be a... You thinking that or do you know? A re-removal. A motion for a re-removal. You don't... By the way, I probably should admit this. I think actually as a district court, I was reversed on remand by the 4th Circuit one time. Those narrow cases that were reviewed. But might it not just be there's a... The court would... District court would order you back into court to defend or prosecute that case. And that might be state court litigation going at the same time. The exact same case. Can't that happen? Then you fall to doctrines of withholding or, you know, abstention. Isn't that... Might that not happen? I mean, you can have cases, identical cases going through the state system and the federal system, can't you? I'm asking. If you don't know, then you don't know. I don't know, Your Honor. Okay. Could I ask a slightly different question? Does... In reviewing a motion for vacature, does that necessarily involve a review of the merits of the case? Yes, under 60B3. Now, if it's not a 60B3 vacater, such as in Tremonti, Aquamore, and B-Miller, then you can have vacater without review. But necessarily, where it's not, like those cases, an essentially ministerial task, what you have here is a required judgment call. In order to have vacater, a necessary predicate is to have a judgment call on the very same fraudulent joinder issue that was already decided below. What defendant would never file a 60B3 post-remand if you could get a hearing in federal court for a do-over on a fraudulent joinder claim? Why would a defendant never file a 60B motion if what you get to do is relitigate whether there was fraudulent joinder? I'm dumbfounded. Could I finish? And maybe you could respond to them both at the same time if you remember them. My question was predicated on the fact that the basis for the fraud claim may not arise, as I think is true here, until after the remand. Is that correct? There was no basis for fraud here. No, I didn't say basis. I said, or what I meant to say is basis for a claim of fraud arose because of the statements that were made in federal court and conflicting statements made in state court. Is that correct so far? Would you agree? No, you can answer it. 60B3 motion does not focus on the merits or the correctness of an order, but rather the manner in which the order was obtained. Do you agree with that proposition? No, Your Honor, because 60B3 requires proof of a quote-unquote meritorious fraudulent joinder defense. But meritorious claim of fraud, not claim on the merits. No, it's a meritorious, it's not a meritorious claim of fraud, it's a meritorious claim of fraudulent joinder. You're not reading 60B3. 60B3 lets the court open up an order that was entered on the pursuance of fraud on the court. But if the order is one of remand for non-fraudulent joinder, the merits question is whether there was fraudulent joinder. Yes, in fact, at page 55 in Judge Boyd's dissent, he noted that Colgate must, quote, demonstrate the existence of a meritorious defense to the remand orders, namely, that the Maryland in-state defendants were fraudulently joined. Exactly, so it's a do-over. What Judge Duncan was asking you about, if she will indulge me, what she was asking you is where the evidence of alleged fraud comes up in state court, because that's what we have here. We have a claim of fraudulent joinder. The district court, two different district judges in the District of Maryland, didn't buy the claim of fraudulent joinder. Each judge sent it back to state court, and then based on something that happened in state court, a pleading, by the way, right? It was a pleading. It wasn't something that was said orally. Correct. It was a pleading in state court. Now the defendant comes back to federal court. Who knows, two weeks later, four weeks later, six months later, and says, now I have evidence to support my fraudulent joinder claim. And so to get around 1447, the defendant is relying on 60B3, saying let's vacate it because the order was obtained by fraud, but it's an order of remand based on the failure of proof, because the burden unquestionably is on the defendant, both to establish federal jurisdiction and to show fraudulent joinder. It's a do-over. You can say it's on the merits of the order, but the merits of the order of remand is whether there was fraudulent joinder. That's right. It's inexorably intertwined with the very same issue that was already decided. You agree with what Judge Davis is saying. You agree with that? Absolutely. I have a fundamental question. I want to go back to something we started out. I got thrown off track. Don't you look at this order that the judge that we're appealing for on 1106 and 1108, and we started out saying the judge said he didn't have jurisdiction. It's not clear to me that in those orders he's not saying he didn't have jurisdiction. He not only addresses the motion, he conducts a hearing on the motion, and his problem is he's saying, I don't know what relief you want. Then once he gets in that hearing, the other side says, we just want a remand. He then says here that I don't have jurisdiction to grant that request. He doesn't say I don't have jurisdiction to decide the motion. In fact, these motions were denied. They were not dismissed for lack of jurisdiction. I think the issue is back to what we got off track with. I think the issue here is, does the court have jurisdiction to grant the request to strike this matter and remand it? That's where this trial judge went with it, and then the only surplus here is he got into the business after the second sentence and the last paragraph, he gets in the business of, well, it's not sanctionable condom. But the initial determination on jurisdiction is he is saying I don't have jurisdiction to grant the request to strike and remand. That's right. That's the issue on appeal here from this. I don't think it's just jurisdiction. I was led to believe that from the beginning, but Judge Davis, you sort of had that different. But that order, as it reads, it looks clear to me this judge exercises jurisdiction as a hearing and denies the motion. He doesn't dismiss them. And based upon that denial, it's based on the fact he believes that the relief being requested he can't get. Well, Your Honor, how... Is that the posture of this case? What happened with the order is... I'm looking at the order. There it is right there. Judge Nickerson did not say that he had no jurisdiction on Rule 11, so sanctions. I call that Rule 11. He didn't have jurisdiction on any of the motions. He conducted a hearing on them, and then that's when they brought up the Rule 60B business here because that brings in the relief to the Senate back. He says, I can't get that relief. Rule 60 is being brought here for purposes of relief, not for purposes of sanction. The purpose is to get some relief. Well, that's right. What he said about the sanctions, the Rule 11 sanctions, is that the request had been abandoned. It's very clear in this order. He comes back to it. It's in the first paragraph. It's in the last paragraph on the first page, 1106. First he says, defendants clarified the relief sought for this court was for this court to vacate. And he says it's not available because of 1447. He says that's the only sanction they want. It's the only sanction. And I don't have jurisdiction to give that particular relief. And then he denies the motions. Just a little bit of a twist on that. If we conclude that the court had jurisdiction to address both motions and to grant, potentially grant relief, what should we do? Hypothetically, if we can come to that conclusion, what should we do with the court's statement that if it were considered a merit, it would deny it? Well, it was not an abuse of discretion to so find. There was certainly... No, my question is what should we do with that? Should we review it or let the judge develop the appropriate sanctions? No, with regards to vacator, he properly determined that there was no jurisdiction. You have to stick with my hypothetical, which is if we were to conclude he has jurisdiction on both the Rule 11 and the 60B3. Right. And what else should we do if we were... One, the obvious possibility, if we were to conclude that, we send it back. But then my question addresses if we send it back, what should we be doing with the court's statement that even if it had jurisdiction, it would deny the motions? Well, Your Honor, I would say if the court were to find that it had jurisdiction, that Judge Nickerson had jurisdiction under both 11 and 60, he should still be affirmed under an abuse of discretion standard. Your answer should be the court decided it had jurisdiction. There's no statement in here that says if I have jurisdiction, then I would do this. What he says is, I'm going to decide. He has a theory. He actually puts those motions out. And then he says, what's the relief? And the only thing he says is, I can't give you that relief. He doesn't say I don't have jurisdiction over these motions. He, in fact, considers the motions and denies them. There's no if in this. Well, he says on the basis that the court held, which was in low, the entry of a remand order that divested the federal court of jurisdiction. Am I reading? I don't know. On 1106. That's true. I believe that Judge Nickerson found... But he's only going to the basis of the relief in that paragraph. He's not talking about the motion. He's talking about the relief being asked for there. Well, that's because... In the first paragraph, he's dealing specifically with the motion. That sentence comes. In the second paragraph, F.E. says, such relief is not available. The court has no jurisdiction to grant that relief, and he used the basis of that to locate. He's talking about... He's not talking about the motions. I think he's talking about both under 11 or 60, there's no jurisdiction to vacate. That's because vacater is not an appropriate sanction under Rule 11. It simply isn't. Do you think that the district court had jurisdiction under 60b-3? Yes or no? No, because it would necessarily violate 1447 because of the meritorious defense requirement. Do you think... Okay. You don't think the argument could be that he had jurisdiction, he properly exercised that jurisdiction, and refused to grant a merit relief that the other side asked. You don't think that. You think he just didn't have jurisdiction to even entertain such a request. I think the latter. It goes on to say, it goes on to give the basis that he didn't think he had any business considering it. What he's saying there is, even if there had not been an abandonment of Rule 11 sanctions, which he found there was, but even if there was not an abandonment of Rule 11 sanctions, he would deny them for the reason that it is a markedly different litigation context. That doesn't address my point, which is, as I understood the order, going back to look at it, I thought he was denying the relief because the entry of a remand order divests the court of jurisdiction, which is why he cites Love, holding that removal statutes preclude reconsideration of a remand order. Well, that's right. I think some of the confusion arises because Colgate sought vacator under both 11 and 60. What is it in 1447 that you think denies the court the right to enter a 60 v. 3 order? The meritorious defense requirement. And it runs smack into 1447. Repeat the language there, what's it say? Of? 1447. An order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise. Well, that's review on appeal. That doesn't have anything to do with the district courts. Or otherwise. Or otherwise language has been interpreted to include review by the district court as well. By whom? The otherwise means which includes mandamus. I don't have the case citation, Your Honor, but that has been clearly established, I believe, in the Fourth Circuit that that broad language includes both the or otherwise. The district court was relying on Roe, exactly as Judge Duncan asked you, saying that once I've entered the remand order, the case is gone, I'm divested of jurisdiction, therefore I can't act further. There's a distinction between low and... Can you just answer my question? Isn't that what the district court was doing? Certainly the district court cited low. And what did it say after it cited low? In low, the Fourth Circuit looked to the language of the federal removal statute. And what is valid in this court's reliance on low is the fact that there can be no vacator under Rule 60. But there can't be any vacator under Rule 11 for another reason. You keep coming back to your argument. I'm trying to find out what the district court did and you're not helping me. I asked you, didn't the court appear to say that once it issued the remand order, it was divested of jurisdiction? Not with regard to the Rule 11 request for vacator. Or the Rule 11 request for sanctions. The court did not rely on a lack of jurisdiction to deny vacator under Rule 60. Where does it say that in there? How could that be based on 1447, which you tell us makes things not reviewable on appeal or otherwise to anyone, to any forum? I'm sorry, Your Honor. Could you give me the question again? Well, why don't you start with Judge Neumeyer and Judge Kings and then work your way around to mine. My question is simply that it seems to me very clear. And it's too bad we're having so much trouble getting to understand what was done. We're not even getting to the real tough issues as to what to do. But in this case, the court cited Lowe and said that under 1447d, it construed the otherwise like you said. It couldn't review it again. On the basis the court held that the entry of a remand order divested the federal court of jurisdiction. And Lowe, like the instant case, the defendant challenged the remand on the basis of the court of jurisdiction. Now, isn't that a jurisdictional issue? He's saying, I don't have the power to see it anymore. It's gone. Only as the vacator. You need to answer Judge Neumeyer's question directly and point to the first sentence and then point to the word see Lowe, which lets you know he's referring to Lowe to support that first sentence, which is the grant is only on, the reason he says he doesn't have jurisdiction is that he can't have jurisdiction to grant that request. See Lowe. All that stuff he says about Lowe, he then puts in there. Now, I'm going to give Judge Nicholson credit for this. He knows, he has to know this law as well as what we're talking about. And I think he put that Lowe decision in there to explain that little extra, why he's saying that first sentence. Because it then goes to the next paragraph and that's what he's saying. He's essentially saying the only sanction being sought was for the court to strike remand orders. And there is clearly a question of, does the court have jurisdiction to strike remand orders? That's his determination here. We can read in and say, because he doesn't even say the entry of the order to vest the court of jurisdiction, he quotes Lowe. In the first sentence he says, the court has no jurisdiction to grant that request. And that request is the only request that's being asked. That's exactly correct. But you can't have jurisdiction. If the court is divested of jurisdiction, it's divested of jurisdiction. It's not piecemeal. It either has jurisdiction or it doesn't. They don't dribble back in motions. Respectfully, Your Honor, under Cooter and Gale, they make a distinction. And they say that Rule 11 sanctions may be considered even after dismissal. And here's after a remand and we concede that there would be jurisdiction for Rule 11 sanctions. And I don't think Judge Nickerson found otherwise. So is it an all-or-nothing proposition that the court could only have jurisdiction over the whole matter? Or is it what he's saying, I have jurisdiction over this, but to give that relief, I don't have jurisdiction to give you that relief. Is that something he could say? No. I believe so, Your Honor. But if he can't say, I don't have the jurisdiction to give you the relief you're being asked, then maybe jurisdiction is not the right word. He doesn't have the authority. Under Cooter and Gale, he would have jurisdiction to do Rule 11 sanctions, but not a request for modification of the order. Under 1447D, which you rely on, an order remanding a case to the state court for which it was removed is not reviewable. And in Relow, review includes reconsideration by the district court. What I understood the district court to say, based on that whole paragraph, is that he was divested of jurisdiction to review or reconsider or do anything with respect to what remained. There wasn't anything that remained. The entry of the remand order took the case away and sent it to state court. I don't think the order could be fairly read as saying that it took away the right for Rule 11 sanctions. Don't you want to use the term ancillary jurisdiction? I'm sorry, Judge. If you say so. I mean, there's ancillary jurisdiction for a federal district judge to do any number of things. Review a cost order, impose Rule 11 sanctions. Right? That's the term of art. Cooter and Gale, I believe, recognizes this. And Judge Nickerson did not say he didn't have jurisdiction for Rule 11 sanctions. You just said that, though. You told me right here, right here. You answered my question. You said he didn't have jurisdiction. And I said, and you said he did not have jurisdiction. And I said, are you confusing jurisdiction and authority? You didn't buy that line. You're arguing no jurisdiction. That's what you've argued. You answered my question four or five minutes ago. No jurisdiction for vacator under Rule 60B3. What does that mean? That's not, let me say this much. That is not a term of art. And I shouldn't have used it in my panel opinion. And that's why we're here. That's exactly right. Terrible opinion. I don't know if it's a terrible opinion. It's a terrible opinion. So can we go home now? Let me ask you this question. It's a hypothetical question. I'm trying to understand your view of the law. Hypothetical. It's not the facts in this case. What if a party obtains remand by absolute fraud, but no one knows it until after the fact? Is the party who committed fraud on the federal court insulated as far as the litigation itself from anything the court can do? Apart from getting disbarred. No. Under Cooter and Gell, there may be Rule 11 sanctions. Absolutely. There may not be, if the motion involves- What do you mean 60B as providing? Just 60B as a general proposition, what does it do? 60B3 requires as a precondition to relief, proof, or proffer of a meritorious defense. What's it say? What's the language? Just read the language of B3. It doesn't have anything about that. The Schultz case gives the three- What's Rule 60B all about? It's about relief from judgment. Relief from a judgment or order. It doesn't say anything about vacature or anything like that. Or defenses. It talks about fraud. Based on fraud. The court may relieve a party or its legal representative from a final judgment, order, or proceeding for fraud, misrepresentation, or misconduct by an opposing party. Now what's that mean? Relief. It doesn't say a thing about vacature. You get relief. Your Honors, the focus on the word fraud points out that I'd like to point out that the age counseling case, the Fourth Circuit case, says that fraudulent joinder is a term of art. It does not reflect on the integrity of plaintiff or counsel. That doesn't address 60B3, does it? I mean, our questions are focusing. You're unwilling to address the role and function of 63, 60B3. It's a wild card, which says that nothing becomes settled that's committed on fraud. You can go 50 years after a judgment and open it up if fraud is discovered. True, Your Honor. But with regard to the interplay between… Fraud on the court is a pretty serious thing. The theory behind it is what I always thought. Absolutely. And the lawyers, it is a duty of candor to the court. You can't have lawyers shopping around and committing fraud. Now, whether they did here, I don't know, but the courts have a right to try to figure it out. Absolutely. And it's the interplay between 60B3 and 1447d that precludes, and Judge Nickerson correctly ruled so, that because of the meritorious defense requirement of 60B3, that precludes… Maybe it all does come down to what Judge Davis said a while ago, is which one of those two things trumped. The 60B3, relief from judgment, is authorized for fraud, or this thing about 1447, where he says you can't get a review. I agree, Your Honor. Whether they're mutually exclusive and which one takes precedent. I agree, Your Honor. Judge Davis thought one thing and Judge Lloyd thought another at the panel hearing. We've got to figure it out. What's wrong with sending a case back to the district judge and saying just that? You have jurisdiction, make a ruling on the merits of that, whether or not you can give relief. And he may say, well, y'all apparently didn't read my order because that's what I said, but at least we'll have it straight. We'll know what he did. What's wrong with that, Your Honor, is that in order to do that, the court would first have to consider the elements under the Schultz test of 60B3, including the meritorious defense requirement. And in doing so, would necessarily… Where do you keep coming up with meritorious defense under 60B3? Under the Schultz case, the three-part test for 60B3 relief under the Schultz Fourth Circuit case. Schultz talks about relief for judgments that were unfairly procured. That's the gist of the Schultz case. And 60B3 is to determine whether or not the matter was remanded and it was unfairly procured by fraud or misrepresentation. And it requires proffer of a meritorious defense. And this court's decision, a judgment call on whether there was a meritorious defense of fraudulent joinder, runs smack into… I never understood what that had to do much with fraudulent joinder. It's about lawyers committing fraud on the court. Fraud on the court. Misrepresentation in lines of the court. With respect to an order that's not reviewable. So a lawyer stands in front of the court and tells outright lies. And he knows they're outright lies and it's demonstrable. The court doesn't know it. So the court enters a remand order, which… And then it comes back for review when the fraud is uncovered. And you're saying the court can't correct that because it's not reviewable under the otherwise clause. Well, that's right, Your Honor. That's what you're saying? There can be sanctions under Rule 11 but not vacater under Rule 60B3 because of… I'm not talking about a vacater. I'm talking about the court issues an order, hypothetical order, based on a fraudulent misrepresentation of an attorney. And it's pretty clearly fraudulent. The court acts on the basis of that fraud and doesn't know about it. And then the victim, the other party, comes in and says, hold it. This order was obtained by fraud. I'd like to have it set aside under 60B3 because of the fraud. And you come in and say, on our court, you can't review it because it's not reviewable. It's not reviewable? That's what you say, right? There can be Rule 11 sanctions but not 60B3 sanctions under that hypothetical. The idea that a company required to litigate a defense in state court rather than federal court is a victim of anything is pretty remarkable. I'd like to address the merits in terms of whether, in fact, there was any improper procurement. I do believe you have the red light. How long have you had that red light on? We don't give tickets, but we do stop you. In 10 minutes. Your Honor, may I beg the court's indulgence for the one point? 30 seconds. Thank you. The improper procurement argument relies on a false premise that plaintiffs represented their subjective intent to the district court. They did not. And that's because the only inquiry was whether there was a glimmer of hope standard satisfied. And that's all that was addressed. There was never a representation of intent to pursue. That would require a flipping of the burden of proof under fraudulent joinder, which is always on the defendant.  Thank you, Your Honor. All right, Ms. Kay. First of all, Your Honor, to correct one thing, on whether we could remove now, there's a one-year limit on diversity removal, which was long past by the time this was discovered. In terms of Rule 60b-3, the questions the court asked... We're way beyond the year? Way beyond the year, yes. Way beyond the year. And in terms of Rule 60b-3, the test is on, you know, not whether the outcome was changed, not reviewing the merits, but on whether the judgment was unfairly procured. And when Judge Davis refers to going back to looking at the fraud again, revisiting the fraud, we're not talking about the fraudulent joinder. We're talking about, as Judge King mentioned, the fraud on the court. The fraud of, in one court, saying, we are going to pursue, there is a glimmer of hope, we're going to pursue these defendants. And the next week, going to the state court. I don't know whether there was any fraud on the court or not, but that's what I think the rule talks about, Rule 60b-3. I mean, they could have been telling the truth to the federal court, lying to the state court. In which case, there wouldn't be any fraud here, I guess. You just say they're lying here because they lied over there, or because it's inconsistent over there. Maybe they're telling the truth in one place. Well, to be clear. Maybe both of them are. Maybe they're just inconsistent. Maybe it's two different lawyers and they misremembered. Judge, it's the same two lawyers in a very small firm who knew exactly what they were doing. Maybe they got a good explanation. And with regard to Judge Davis' point that these were just written representations, that is not the case. Both in writing and orally to the state court immediately after, a week thereafter. What I was referring to was what you have highlighted in your arguments was a pleading filed in state court. And then at the hearing, the second lawyer, I understand you disagree with the characterization, but the second lawyer, according to the plaintiffs here, the appellees, clarified what was intended by that statement in the pleading. Now, if that's wrong, I'm wrong. Judge Davis, with all due respect, it couldn't be more wrong. If you could just bear with me. So you're saying that first statement was not in a motion paper in the state court, filed in the state court? Both in writing and before the state court. Well, you can say both. The first statement, the statement that you highlight in your papers came out of a pleading. One of them did, and one of them was said orally. The first one was in a pleading, and then at the oral hearing, the lawyer clarified. Absolutely not, Your Honor. Absolutely not. In both the pleading and in state court, the plaintiffs said this is a- We're talking about the state court. I'm talking about the pleading in state court. Yes. And both of those statements were this is a one-defendant case. There is no evidence, not even a suggestion of evidence against any defendant in the whole case. And when Judge Glenn questioned the lawyer, it's right here in the record. Yes, Your Honor. The lawyer said she misspoke. It's a different standard. Absolutely not. Okay. I'm imagining the record. No, the record, if I can just be clear on that, Your Honor, it could not be clearer. On page A863 and A476 of the record, the state court representation, there's absolutely no evidence to indicate or even suggest that plaintiffs were exposed to asbestos by anybody except Colgate. On the record in state court, agreed with the state court judge that this is a one-defendant case. On the record in state court- And an inference drawn from that testimony about whether one or both of the plaintiffs had been exposed at work because of this government contract. I understand your advocacy. I don't blame you for trying to keep it as narrow as possible. No, I'm not keeping it narrow. The lawyer in federal court drew an inference from her client's deposition testimony that she was at a work site where certain of your client's products may have been used to suggest to the federal court that we may have a glimmer of hope. Absolutely. And as you said, there was no oral hearing in federal court. Judge Quarles and Judge Nickerson decided to grant the motion to remand. And they get back to state court and in front of Judge Glenn, they say, well, we made that argument over there, but this is now a one-defendant case. And you adopted the argument that they had made in federal court, essentially. No, Your Honor. It's all tactics, Ms. Gay. We understand that. No, Your Honor. It's regrettable that I wrote such a terrible opinion. I won't say that again. They're tired of hearing it. Judge Davis, if I may wish to- But it's clear that your client wanted to be back in federal court, and Judge Nickerson said, I don't have jurisdiction to grant that relief. He didn't say it with the alacrity and the erudition that we might like, but that's exactly what he said. That's exactly what he said. Your Honor- He knows full well he could have imposed a fine of $10,000 on these lawyers. He could have sent these lawyers to the district court's admission and disciplinary committee. Just as you could, he could send a complaint to the Maryland Attorney's Grievance Commission saying these lawyers have committed fraud on the court. He could have done any of those things. And neither you, nor your firm, nor your client, nor Judge Quarles, nor Judge Nickerson did any of those things, because this is the normal fight between defendants who want to be in federal court and the plaintiffs who want to keep them in state court. It happens every day. There's nothing special about this case. Your Honor, I respectfully disagree, and may I respond? Yes, of course. I hope and pray it doesn't happen every day that in federal court, someone says they are intending to pursue certain defendants, and they walk across the street, and they say, this is a one-defendant case. I have never seen it happen. I cannot imagine that that happens every day. It happens every day. Well, if it does- It happens every day. But it cannot be that this court, nor the federal district court, is without ability when there is fraud procured that procures a judgment to grant relief. It cannot be so. It cannot be that rule, any rule, trumps this court's ability when what is a blatant misrepresentation is put to them. There was no correction. In fact, every time there's been a correction, as Judge Floyd points out, the plaintiffs go deeper and deeper and deeper. They said in five- May I suggest- Yes. I think we take your point that there's some disagreement. Just make- and you've started to do it. Maybe you've done it. I just want to hear your legal argument in response to what the other side said. That's for me. I'd like to hear that, and I think I've heard it. It cannot be that when fraud is used to procure something in the federal court, the federal courts have no authority to do anything about it. That's your argument. Anything else you want to add to that? Well, yeah, absolutely. 1447 does not preclude this court or any federal court from addressing fraud on the court. Nor have we asked for review of the remand order. We have asked for, under Rule 60b-3, for- and we have made a sufficient showing that there was fraud procured in the actual order itself, which was the remand order. And we've made the three-pronged showing that we were required to make. Do you think the district court felt it had authority under 60b-3, it had jurisdiction under 60b-3 or not? I believe that the court erroneously felt that 1447 prohibited it considering the Rule 60b-3 relief. That doesn't answer my question. Okay. Do you think that the district court felt it had jurisdiction to entertain a 60b-3 motion, to entertain the motion? I don't think so because of 1447. That's how I read that order, Your Honor. And just to be clear, the showing that- Yes, this would be the last point. The Schultz case is dispositive here, the Fourth Circuit Schultz case, which does lay out the three elements of a 60b-3 showing, none of which require reconsideration of the merits. They require a showing that a fair hearing was deprived and that there was fraud, not fraudulent joinder, Judge Davis, but fraud in the context of the hearing itself. And that was missed in the court below. Thank you, Your Honor. Thank you, Ms. Kish. We'll adjourn court for the day, come down and brief counsel.
judges: Niemeyer, King, Shedd, Duncan, Wynn, Diaz, Floyd, Davis